IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kimberly S., <br><br> Claimant, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Respondent. | No. 19 C 6480 <br><br> Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

Kimberley S.[1] ("Claimant") seeks review of the final decision of Respondent Andrew Saul,[2] Commissioner of Social Security ("Commissioner"), denying Claimant's applications for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the exercise of jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. *See* [ECF No. 12]. The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Claimant filed a document titled "Memorandum Opinion" [ECF No. 17], which asks the Court to reconsider the decision denying her disability benefits. The Commissioner then filed a Motion for Summary Judgment and a Memorandum of Law in Support of the Motion [ECF Nos. 30, 31], and Claimant filed a Closing Brief [ECF No. 32]. This matter is fully briefed and ripe for review.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her first name and the first initial of the last name.

[2] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), the Court has substituted Commissioner Saul as the named defendant.

For the reasons discussed below, the Commissioner's Motion for Summary Judgment [ECF No. 30] is granted, and Claimant's request for reconsideration [ECF No. 17] is denied. The Court affirms the Commissioner's decision denying Claimant's applications for disability benefits and supplemental security income in this case.

## PROCEDURAL HISTORY

Claimant filed claims for disability insurance benefits and supplemental security income on April 28, 2016 pursuant to Titles II and XVI of the Social Security Act, alleging a disability onset date beginning September 22, 2015. (R. 11, 201-202). Her applications were denied initially on October 25, 2016 (R. 84-105), and upon reconsideration on February 9, 2017 (R. 154-159). (R. 11). On February 22, 2017, Claimant submitted a written request for a hearing before an Administrative Law Judge ("ALJ"). (R. 11, 160-161). Claimant appeared and testified at a hearing held on May 7, 2018 before ALJ Luke Woltering. (R. 11, 39-60). At the hearing, Claimant was represented by attorneys F. Anthony Mannella and Jonathon Cole. (R. 11, 144-145, 197). During the hearing, the ALJ also heard testimony from vocational expert ("VE") Lisa Gagliano (R. 11, 54-60).

On October 24, 2018, the ALJ issued his decision denying Claimant's applications for disability insurance benefits and supplemental security income. (R. 11-27). In finding Claimant not disabled within the meaning of the Act, the ALJ followed the five-step evaluation process required by Social Security Regulations for individuals over the age of 18. *See* 20 C.F.R. § 416.920(a). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since September 22, 2015, which is onset date of her alleged disability. (R. 14). At step two, the ALJ found that Claimant has severe impairments, including obesity, epilepsy, bipolar I disorder, and major depressive disorder as defined by 20 C.F.R. §§ 404.1520(c) and 416.920(c).

2

(R. 14). The ALJ also addressed Claimant's other non-severe impairments, including headaches, gastritis, carpal tunnel syndrome, and blurry vision, and he concluded that there was "no significant objective findings in the record to support more than minimal limitations on the claimant's ability to perform work activities arising from these claimed impairments." (R. 14).

At step three, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. 15-17). The ALJ considered Listings 1.02 for Claimant's obesity, 11.02 for her epilepsy, and 12.04 for Claimant's mental impairments. (R. 15). The ALJ concluded that Claimant did not meet or medically equal any of the Listings. Specifically, when considering Claimant's mental impairments, the ALJ concluded that Claimant did not satisfy either the "paragraph B" or "paragraph C" criteria. (R. 16-17). Although the ALJ found that Claimant had moderate limitations in all four functional areas which include (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself, the ALJ also found that the "paragraph B" criteria were not satisfied because Claimant's mental impairments did not result in two "marked" limitations or one "extreme" limitation. (R. 16). Nor were the "paragraph C" criteria satisfied because the record did not contain any evidence to support a finding that Claimant needed accommodations to adapt to changes in the environment or to demands that are not already part of daily life. (R. 17).

The ALJ then found Claimant has the residual functional capacity ("RFC")[3] to perform light work as defined in 20 CFR § 404.1567(b) and 416.967(b) except that: "she cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She cannot work around hazards such as unprotected heights and exposed moving mechanical parts. She cannot drive a motor vehicle. She can understand, remember, and carry out simple, routine work instructions She needs to work in a low pressure and low stress work environment, defined as one requiring only occasional and simple, work-related decision-making, occasional changes in the work setting, and no work at production rate pace, such as assembly line work or other work requiring rigid quotas." (R. 17-18). The ALJ further found that Claimant "can occasionally interact with supervisors and coworkers, and less than occasionally interact with the public." (R. 18).

At step four, the ALJ found that Claimant was not capable of performing her past relevant work. (R. 25). Relying on the testimony of the VE and considering Claimant's age, education, work experience and RFC, the ALJ concluded at step five that Claimant "is capable of making a successful adjustment to other work" and that there are jobs that exist in the national economy, including laundry sorter, routing clerk, and housekeeper/cleaner, that Claimant can perform. (R. 25-26).

Based on all of these reasons, the ALJ found Claimant was not disabled under the Act. (R. 41). The Appeals Council declined to review the matter August 3, 2019 (R. 1-5), making the ALJ's decision the final decision of the Commissioner and, therefore, reviewable by this Court.

---

[3] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. § 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-676 (7th Cir. 2008).

*See* 42 U.S.C. § 405(g); *see also Smith v. Berryhill,* 139 S. Ct. 1765, 1775 (2019); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005)**.**

## STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Judicial review is limited to determining whether an ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotations omitted); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Biestek,* 139 S. Ct. at 1154; *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (internal quotations omitted). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted). The reviewing court may not, however,

"displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

As explained above, the Court's role in a case like this is not to determine from scratch whether or not a claimant is disabled and entitled to disability insurance benefits and/or supplemental security income. Instead, the Court's review of the ALJ's findings is deferential and must consider only whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *See Shideler v. Astrue,* 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). If substantial evidence supports the Commissioner's factual findings, they are conclusive. 42 U.S.C. § 405(g). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In making a substantial evidence determination, the Court must review the record as a whole, but it cannot re-weigh the evidence or substitute its judgment for that of the ALJ. *Id.*

In her opening Memorandum, Claimant asserts only one challenge to the ALJ's decision. *See* [ECF No. 17]. She disputes the ALJ's finding that she could work as a laundry sorter because she argues that the position is not light duty work. Claimant, however, does not cite any evidence in the record or legal authority to support her argument. A pro se litigant like Claimant is required to "present a cogent legal argument with citations to authority and relevant parts of the record." *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020), reh'g denied (July 14, 2020). It is well-settled law that "[p]erfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599,

6

607 (7th Cir. 2016). Claimant's request for reconsideration could be denied on this basis alone, but the Court also is not persuaded by the merits of Claimant's argument.

During her testimony at Claimant's hearing before the ALJ, the VE classified the laundry sorter position as light work and identified the corresponding Dictionary of Occupational Titles ("DOT") position code, 361.687-014, which classifies laundry sorter as light work. (R. 56.) The ALJ was entitled to rely on this uncontradicted evidence to find that the laundry sorter job is light work. 20 C.F.R. § 404.1566(d) (taking administrative notice of both the DOT and vocational experts as reliable sources of job information); *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) ("As it stands, however, the VE's testimony was both unobjected to and uncontradicted. Thus, the ALJ was entitled to credit this testimony."). The VE also identified two other positions that Claimant could perform based on the ALJ's RFC—routing clerk and housekeeper/cleaner. (R. 57-58.) These two positions represented an additional 125,000 jobs in the national economy. (R. 57-58.) The number of jobs is a significant number without considering the additional laundry sorter jobs. *Primm v. Saul*, 789 F. App'x 539, 546 (7th Cir. 2019) ("Usher and mail-clerk positions account for 110,000 jobs nationally and are therefore enough to support the ALJ's finding.").

Thus, even if the ALJ somehow erred in relying on the laundry sorter job, which the Court does not find he did, any potential error was harmless because the VE identified two other positions Claimant could perform and she does not challenge those positions. In a situation like this, there would be no point in remanding the case for further consideration of whether the laundry sorter job was an appropriate job for Claimant. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013) ("[W]e will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same."). For these reasons, the Court finds that

the ALJ reasonably relied on the testimony provided by the VE, and the ALJ's decision is supported by substantial evidence.

Claimant did not raise any other arguments in her opening brief, but she did assert some additional undeveloped arguments in her reply brief. Claimant generally argues that her medical and mental conditions make it impossible for her to work. *See* Closing Brief [ECF No. 32]. As noted above, a pro se litigant like Claimant is required to "present a cogent legal argument with citations to authority and relevant parts of the record." *Greenwell*, 811 F. App'x at 370. Claimant did not do so, and she again did not support her arguments with any legal authority or citation to the record. In addition, another well-settled rule of law is that arguments raised for the first time in a reply brief are waived. *See Carpenter v. Berryhill*, 2017 WL 1074573, at *1 (S.D. Ind. Mar. 22, 2017); *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) (holding that "arguments raised for the first time in a reply brief are deemed waived"). As with Claimant's initial argument, Claimant's request for reconsideration could be denied on this basis alone. But the Court again also is not persuaded by the merits of the arguments Claimant raises in her reply brief.

The Court is not persuaded that ALJ committed any error in finding Claimant was not disabled. Claimant asserts generally that she suffers from epilepsy, bipolar disorder, depression, chronic anxiety, and carpel tunnel. *See* Closing Brief [ECF No. 32], at 1. The ALJ specifically addressed all these impairments in his decision, including reviewing Claimant's medical history and the medical records that were submitted. The ALJ also weighed the medical opinions included in the record, and then explained his findings with citations to the record. (R. 18-24). In summary, the ALJ concluded:

> I took into account the claimant's bipolar disorder, major depressive disorder, epilepsy, and obesity, including claimant's statement regarding seizures, fatigue, crying spell, feelings of helplessness and lack of motivation to complete daily activities (B23F/14; B22F/2-11; B12F/50; B3E/6; Testimony). However, the

8

> totality of the evidence, including the reduction in the claimant's seizures with prescribed treatment, the claimant's performance of daily living, despite her seizures and issues with interacting with other, fails to establish the degree of limitation as alleged by the claimant (B23F/14; B22F/2, 11; B12F/50; B21F/113; B6F/4-17).

Without any concrete evidence to the contrary other than Claimant's own assertions that the ALJ already considered, the Court will not second guess the ALJ's conclusions, which are supported by substantial evidence.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, Claimant's request to reconsider [ECF Nos. 17, 32] the ALJ's decision to deny her disability benefits and supplemental security income is denied, and the Commissioner's Motion for Summary Judgement [ECF No. 30] is granted This decision of the Commissioner is affirmed.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 5, 2021